**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH MALATY-UHR,<br><br>    *Plaintiff*,<br><br>v.<br><br>YANKA INDUSTRIES, INC. d/b/a MASTERCLASS<br><br>    *Defendant.* | Case No. 3:24-cv-05264-JD<br><br>**DECLARATION OF ABHIMANYU VASISHTH IN SUPPORT OF DEFENDANT YANKA INDUSTRIES, INC. d/b/a MASTERCLASS'S MOTION TO COMPEL ARBITRATION** |

I, ABHIMANYU VASISHTH, hereby declare and state:

1. I am employed by Yanka Industries, Inc. d/b/a MasterClass ("MasterClass") as a Sr. Software Engineer. In that role, I have access to and an understanding of MasterClass's historical website and its content and data, and to MasterClass subscriber records. I submit this declaration in support of MasterClass's Motion to Compel Arbitration. I make this declaration based on my personal knowledge and my review of MasterClass's business records. I am over the age of eighteen (18). I have personal knowledge of the facts stated in this declaration, and if called to testify, I could and would competently testify thereto.

**Background**

2. MasterClass is a streaming education platform that offers more than two hundred video lessons taught by leading experts in numerous fields, including business and leadership, photography, and cooking, among others. MasterClass lessons are available on demand through most internet-connected devices. MasterClass regularly adds new lessons to its library.

3. MasterClass offers its platform to users nationwide, including in Illinois, though its principal place of business and headquarters are in California.

4. Users can only access MasterClass's library of lessons through paid, annual subscriptions.[1] Since at least September 2021, MasterClass has offered three different subscription plans. These three plans each have a different monthly price and vary, among other things, by the number of devices a subscriber can use simultaneously to access the MasterClass platform. The most basic plan permits a subscriber to access MasterClass through only one device at a time (e.g., a single cell phone or laptop), whereas higher tiered subscriptions permit multiple devices to be used simultaneously.

5. The names and monthly prices associated with each of MasterClass's three subscription plans have varied over time and subscriptions are periodically offered to users at a discounted price. In December 2023, the names and full monthly price of the three plans MasterClass offered were "Individual" ($10/month), "Duo" ($15/month), and "Family" ($20/month).

---

[1] A user can receive a gift subscription, but that subscription is paid for by the gift's purchaser.

1
DECLARATION IN SUPPORT OF YANKA'S MOTION TO COMPEL ARBITRATION; CASE NO. 3:24-CV-05264-JD

1   6.  From at least December 2023 to the present, when purchasing a MasterClass
2   subscription, users had to progress through a three-step process: (i) plan selection ("Membership"),
3   (ii) account creation ("Account"), and (iii) purchase payment ("Payment"), each of which presented
4   the user with one or more prompts as further detailed below and in Exhibit A to this Declaration.

**Records Related to Malaty-Uhr**

6   7.  At the request of counsel, I reviewed MasterClass's business records pertaining to
7   plaintiff Elizabeth Malaty-Uhr.

8   8.  MasterClass maintains business records for its users based on the user's email address.
9   Prior to December 29, 2023, MasterClass did not have any records associated with Malaty-Uhr's
10  email address.

11  9.  In December 2023, consumers physically located within the state of Illinois could
12  purchase a MasterClass subscription through the MasterClass desktop or mobile websites
13  (www.masterclass.com) or the MasterClass mobile application.

14  10. MasterClass business records reflect that on December 29, 2023, Malaty-Uhr used
15  MasterClass's desktop website to create a MasterClass account and to purchase a MasterClass Duo
16  subscription with a credit card. Malaty-Uhr paid $108 for her subscription. That price reflected a
17  40% discount to the full Duo subscription price in December 2023 and was part of a 2023 End of
18  Year promotion that MasterClass offered to first-time MasterClass subscribers from December 28,
19  2023 to December 31, 2023 at 11:59 pm (Pacific Time). By purchasing her subscription on
20  December 29, 2023, Malaty-Uhr participated in the promotion. Since December 29, 2023, Malaty-
21  Uhr has used her subscription to view about 15 hours of MasterClass lessons on more than 70 dates.

22  11. Attached as Exhibit A are true and correct copies of the prompts Malaty-Uhr would
23  have seen as she completed the three-step subscription purchase process on December 29, 2023.[2]

---

[2] Although Exhibit A is an accurate depiction of the MasterClass purchase prompts as they would have appeared on December 29, 2023, Exhibit A is not presented as a record for Malaty-Uhr specifically. Rather, it provides exemplars.

12. As the first step of that process, Malaty-Uhr was required to select a subscription plan. To do so, Malaty-Uhr would have seen the subscription selection prompt set out at Exhibit A, page 1. As noted, Malaty-Uhr selected the "Duo" subscriber plan.

13. After selecting her subscription plan, Malaty-Uhr was required to create a MasterClass account. Attached at Exhibit A, page 2, is a true and correct copy of the account creation prompt as it would have appeared to Malaty-Uhr on December 29, 2023. To create an account, Malaty-Uhr could select one of three buttons: (i) Sign Up with Google, (ii) Sign Up with Facebook, or (iii) after entering an email address, Continue with Email. Ex. A, at 2. Malaty-Uhr chose to Sign Up with Google.

14. Once she did, Malaty-Uhr would have proceeded through the Google sign-in process by providing her google email account and password.[3]

15. After signing into Google, and opting to share her email and related information with MasterClass to create and sign into a MasterClass account, Malaty-Uhr was required to select a payment method for her subscription: credit card, PayPal, or AfterPay. A true and correct copy of the payment method screen as it was presented to Malaty-Uhr on December 29, 2023, is attached at Exhibit A, page 4. Malaty-Uhr opted to pay with a credit card and was then presented with the prompt pictured below (and included in Exhibit A at page 5).

16. As reflected in the image below (and in Exhibit A, page 5), to complete her purchase Malaty-Uhr had to enter her credit card information and then click a button, labeled "Place Secure Order." Directly above the "Place Secure Order" button a user—here, Malaty-Uhr—was advised that "By clicking 'Place Secure Order,' you agree to enroll in our annual subscription plan and to our <u>Offer Terms</u> and <u>Terms of Service</u>." Two portions of the advisement, "Offer Terms" and "Terms of Service," were underlined and hyperlinked.[4]

---

[3] Google controls the screens shown to a user that signs into their Google account. These screens are therefore omitted from Exhibit A and are represented by a placeholder page. Ex. A at 3.

[4] A true and correct copy of the 2023 End of Year promotional Offer Terms hyperlinked in the MasterClass purchase prompt are attached hereto as Exhibit C.



17. On December 29, 2023, and continuing until today, MasterClass has published to its website Terms of Service dated September 27, 2023 (the "Terms of Service" or "Terms"). A true and correct copy of the Terms of Service is attached to this Declaration as Exhibit B. These Terms were hyperlinked to the purchase prompt set out above and in Exhibit A, page 5. Apart from correcting typos or nits, MasterClass has not revised its Terms of Service since September 27, 2023.

18. At the outset of the Terms of Service, in the "Introduction" section, the Terms advise:

> **PLEASE READ THESE TERMS OF SERVICE CAREFULLY, AS THEY GOVERN YOUR USE OF THE SITE AND SERVICES, PARTICULARLY SECTION 10 (BINDING ARBITRATION; CLASS ACTION WAIVER), WHICH AFFECTS YOUR RIGHTS IN THE EVENT OF A DISPUTE BETWEEN US.**

Ex. B § 1.1.

19. Then, the first sentence of Section 10 of the Terms, entitled "Binding Arbitration; Class Action Waiver," states: "PLEASE READ THIS SECTION CAREFULLY. IT AFFECTS YOUR LEGAL RIGHTS, INCLUDING YOUR RIGHT TO FILE OR PARTICIPATE IN A LAWSUIT IN COURT." Ex. B § 10.

20. As relevant here, Section 10(ii) and 10(iii) of MasterClass's Terms of Service include, respectively, a binding arbitration and class action waiver provision that state in relevant part:

> **(ii) Mutual Arbitration Agreement.** If the informal dispute resolution procedure [in Section 10(i)) of these Terms] does not lead to resolution, then either party may initiate binding arbitration as the sole means to resolve Disputes, (except as provided in herein) subject to the terms set forth below and the National Arbitration and Mediation ("NAM") rules. If you are initiating arbitration, a copy of the demand shall also be emailed to legal.notices@masterclass.com. If you are a MasterClass accountholder, any demand filed by you initiating arbitration must include the email address you used to log onto MasterClass, as well as any profile associated with that account that is controlled by you.
>
> You and MasterClass agree that the terms of this Section 10 (collectively the "Arbitration Agreement") govern any and all disputes between us including but not limited to claims arising out of or relating to any aspect of the relationship between us, the Terms of Service, or your use of the Services, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory (each a "Dispute" and collectively "Disputes").
>
> The parties further agree that the determination of the scope, enforceability, or applicability of this Arbitration Agreement, including, but not limited to any claim that all or any part thereof of this Arbitration Agreement is void or voidable, whether a claim is subject to arbitration, and any dispute regarding the payment of administrative or arbitrator fees (including the timing of such payments and remedies for nonpayment) will be resolved exclusively by final and binding arbitration in accordance with this Section 10.
>
> The only matters excluded from this Arbitration Agreement are the litigation of certain intellectual property and small court claims, as provided below.
>
> **This Arbitration Agreement supersedes any prior Arbitration Agreement entered by the parties and is applicable to unfiled claims that arose, were asserted, or involve facts occurring before the existence of this Arbitration Agreement or any prior agreement as well as claims that may arise after the termination of this Arbitration Agreement, in accordance with the notice and opt-out provisions set forth herein.**
>
> The parties agree that this Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.

Ex. B § 10(ii) (emphasis in the original).

> **(iii) Class Arbitration and Collective Relief Waiver.** YOU AND MASTERCLASS ACKNOWLEDGE AND AGREE THAT, TO THE MAXIMUM EXTENT ALLOWED BY LAW, EXCEPT AS SET OUT OTHERWISE IN SUBPART (VI) BELOW, ANY ARBITRATION SHALL BE CONDUCTED IN AN INDIVIDUAL CAPACITY ONLY AND NOT AS A CLASS OR COLLECTIVE ACTION AND

THE ARBITRATOR MAY AWARD RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO RESOLVE AN INDIVIDUAL PARTY'S CLAIM. NOTWITHSTANDING THIS ACKNOWLEDGEMENT AND AGREEMENT, ANY ARBITRATION INVOLVING YOU MAY PROCEED ON A CONSOLIDATED BASIS IF AND ONLY IF MASTERCLASS PROVIDES ITS CONSENT TO CONSOLIDATE IN WRITING.

*Id.* § 10(iii) (emphasis in original).

21. Although the MasterClass Terms of Service give users the right to opt out of the binding arbitration provisions described here and in Exhibit B, *id.* § 10(x), Malaty-Uhr did not exercise her right to do so.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2024

By: 
ABHIMANYU VASISHTH

6
DECLARATION IN SUPPORT OF YANKA'S MOTION TO COMPEL ARBITRATION; CASE NO. 3:24-CV-05264-JD