Frank S. Hedin (SBN 291289)
Hedin LLP
535 Mission Street, 14th Floor
San Francisco, CA 94105
Telephone:   (305) 357-2107
Facsimile:   (305) 200-8801
E-Mail:      fhedin@hedinllp.com

*Attorney for Plaintiffs and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN SILVA and ELIZABETH MALATY-UHR, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>   v.<br><br>YANKA INDUSTRIES, INC. D/B/A MASTERCLASS,<br><br>  Defendant. | Case No.   3:24-cv-05264-PHK<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's August 16, 2024 Order, (ECF No. 5), Federal Rules of Civil Procedure 16 and 26, and the Standing Order for All Judges of the Northern District of California, Plaintiffs Alan Silva and Elizabeth Malaty-Uhr and Defendant Yanka Industries, Inc. d/b/a MasterClass jointly submit this case management statement and discovery plan.

**I.     Jurisdiction and Service**

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and the Class Action Fairness Act. All parties have been served.

**II.    Facts**

Plaintiffs' Statement: Plaintiffs Alan Silva and Elizabeth Malaty-Uhr, individually and on behalf of others similarly situated, allege in the operative Second Amended Complaint (ECF No.

17) that Defendant Yanka Industries Inc. d/b/a MasterClass engaged in the practice of knowingly selling, transmitting, and/or otherwise disclosing, to various third parties, records containing the personal information of each of their subscribers, along with the detailed information revealing their purchase of a subscription to Defendant's video service (collectively "Personal Viewing Information") in violation of the Video Privacy Protection Act, 18 U.S.C. §2710 et seq. ("VPPA").

Defendant's Statement:  Plaintiffs allege that certain technologies present on the MasterClass website resulted in the transmission of information to both Meta and Google. Plaintiffs allege that the transmissions to Meta included data revealing (i) Plaintiffs' Facebook IDs, which Plaintiffs allege an ordinary person could personally associate with them, and (ii) the fact that they purchased a subscription to MasterClass. Plaintiffs allege that the transmissions to Google including data revealing (i) their IP addresses, which Plaintiffs allege that Google (and Google alone) could personally associate with them using information in its possession, and (ii) the video content they requested or watched on MasterClass's website.  MasterClass contends and anticipates arguing in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to be filed November 14, 2024, that neither theory states a claim under the Video Privacy Protection Act.

**III.    Legal Issues**

Plaintiffs' statement: The parties dispute whether Defendant's use of tracking technologies on its website violated the VPPA; the enforceability of the arbitration and class waiver provisions in the Terms of Use; the existence and extent of damages; and whether the requirements of class certification under Rule 23 are met in this case.

Defendant's statement: In addition to the disputed legal issues identified by Plaintiffs, above, MasterClass identifies the following disputed points of law at this time and reserves the right to modify this statement as the litigation progresses:

- Whether the alleged disclosure of the fact that Plaintiffs were MasterClass subscribers is

a disclosure of "specific video materials or services" under 18 U.S.C. § 2710(a)(3);

- Whether the alleged disclosure of IP address information is personally identifying under 18 U.S.C. § 2710(a)(3) and the Ninth Circuit's decision in *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), where Plaintiffs explicitly allege that only Google (rather than any "ordinary person") could personally associate that information with Plaintiffs;

- Whether Plaintiffs allege sufficient facts to show that disclosure of their Facebook IDs was personally identifying; and

- Whether Plaintiffs are entitled to any relief in law or equity.

### IV.  Motions

Defendant plans to file a motion to compel arbitration and, separately, a motion to dismiss. Plaintiffs anticipate seeking discovery relating to any factual issues underlying Defendant's motion to compel arbitration. Following resolution of Defendant's motions to compel and dismiss, and after the completion of a brief period of party and third-party discovery, both parties anticipate filing a motion for summary judgment. Plaintiffs additionally anticipate filing a motion for class certification under Fed. R. Civ. P. 23.

### V.  Amendment of Pleadings

At this time, Plaintiffs do not anticipate making any further amendments to the pleadings but reserve the right to seek leave to do so, as necessary as the litigation progresses.

Defendant has not yet filed an answer to the Second Amended Complaint (ECF No. 17). Defendant also disputes that Plaintiffs should be permitted any additional amendments.

### VI.  Evidence Preservation

The parties have met and conferred and understand their obligations regarding the preservation of evidence that is reasonably within their possession, custody, or control.

### VII.  Disclosures

The Parties have agreed to exchange their initial disclosures by November 21, 2024.

### VIII.  Discovery

The Parties agree that fact discovery should only commence following the Court's resolution of Defendant's motions to compel arbitration and dismiss. Plaintiffs reserve their rights to seek discovery on issues relating to Defendant's motion to compel arbitration (relating to, for example, any contentions from Defendant regarding the manner in which Plaintiffs subscribed to the MasterClass website and agreed to any relevant terms).

The Parties agree that, if discovery commences, they will meet and confer regarding a stipulated e-discovery order and further agree that any discovery should adhere to the default discovery limitations under the Federal Rules. Should discovery commence, the Parties each anticipate propounding discovery on the merits of Plaintiffs' claims and the propriety of Plaintiffs' anticipated motion for class certification.

### IX.     Class Actions

Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and two classes of similarly situated individuals, defined as follows:

> **Meta Class**: All persons in the United States who, during the two years preceding the filing of this action, requested or obtained a subscription to Defendant's website while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc.
>
> **Google Class**: All persons in the United States who, during the two years preceding the filing of this action, requested or obtained video content as a subscriber of Defendant's website while maintaining an account with Google).

(ECF No. 17 at 20.) Plaintiffs' Counsel has read and regularly practices in California so he is familiar with the Procedural Guidance for Class Action Settlements.

Defendant has reviewed the Procedural Guidance for Class Action Settlements. Defendant disputes that class certification is appropriate under any subsection of Rule 23 and intends to oppose any motion for class certification that Plaintiffs file.

### X.     Related Cases

There are no related cases.

XI. **Relief**

Plaintiffs seek the following relief:

A. For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Classes and Plaintiffs' attorneys as Class Counsel to represent the Classes;

B. For an order declaring that Defendant's conduct as described in the Second Amended Complaint violated the VPPA;

C. For an order finding in favor of Plaintiffs and the Classes and against Defendant on all counts asserted herein;

D. For an award of $2,500.00 to the Plaintiffs and members of the Classes, as provided by the VPPA, 18 U.S.C. § 2710(c);

E. For an order permanently enjoining Defendant from disclosing the Private Viewing Information of its subscribers to third parties in violation of the VPPA.

F. For prejudgment interest on all amounts awarded; and

G. For an order awarding punitive damages, reasonable attorneys' fees, and costs to counsel for Plaintiffs and the Classes under Rule 23 and 18 U.S.C. § 2710(c).

Defendant states that Plaintiffs' claims in this case lack any merit (and, in fact, are expressly foreclosed by binding Ninth Circuit precedent), cannot be maintained as a class action, and do not entitle Plaintiffs to any relief whatsoever.

XII. **Settlement and ADR**

Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the parties met and conferred with respect to ADR on November 6, 2024. The parties hereby stipulate and agree that ADR is not appropriate at this time and, though ADR may be appropriate in the future the case is best-suited for private arbitration. In accordance with ADR Local Rule 3-5, the parties filed ADR Certifications on

November 5, 2024, and November 7, 2024.

### XIII.  Consent to a Magistrate Judge

The parties do not consent to a magistrate judge conducting all further proceedings.

### XIV.  Other References

At this time, the parties do not believe the case is suitable for reference to another procedure.

### XV.  Narrowing of Issues

Apart from their agreement that fact discovery should not commence until after resolution of Defendants' anticipated motions to compel and dismiss, the parties have not identified any issues that can be narrowed by agreement or motion.

### XVI.  Scheduling

The Parties propose the following schedule and deadlines:

| Event | Proposed Date |
|---|---|
| Motion for class certification | 7 months following resolution of MasterClass's motion to compel arbitration and Rule 12(b)(6) motion to dismiss (the "Motions") |
| Opposition to motion for class certification | 8 months following resolution of the Motions |
| Reply in support of motion for class certification | 8.5 months following resolution of the Motions |
| Close of fact discovery | 9 months following resolution of the Motions |
| Exchange expert opening disclosures | 11 months following resolution of the Motions |
| Exchange expert rebuttal disclosures | 12 months following resolution of the Motions |
| Close of expert discovery | 13 months following resolution of the Motions |
| Motions for summary judgment and *Daubert* motions | 14 months following resolution of the Motions |
| Responses to motions for summary judgment and *Daubert* motions | 15 months following resolution of the Motions |
| Replies in support of motions for summary judgment and *Daubert* motions | 16 months following resolution of the Motions |
| Final pretrial conference | 18 months following resolution of the Motions |
| Jury trial | 19 months following resolution of the Motions |

## XVII. Trial

Plaintiffs have demanded a jury trial. At this time, Plaintiffs anticipate approximately 5 days of trial.

## XVIII. Disclosure of Non-party Interested Entities or Persons

The parties have filed Certifications of Interested Entities or Persons. The parties are currently unaware of any interested entities or persons.

## XIX. Professional Conduct

All attorneys of record are familiar with the District's guidelines for professional conduct.

Dated: November 14, 2024					Respectfully submitted,


							/s/ Frank S. Hedin

							**HEDIN LLP**
							FRANK S. HEDIN
							535 Mission Street, 14th Floor
							San Francisco, CA 94105
							TELEPHONE:   (305) 357-2107
							FACSIMILE:    (305) 200-8801
							FHEDIN@HEDINLLP.COM

							*Attorney for Plaintiffs and Putative Classes*

							/s/ Sheri Pan

							**ZwillGen Law LLP**
							Sheri Pan
							369 Pine Street, Suite 506
							San Francisco, CA 94104
							Tel: (415) 590-2335
							sheri@zwillgen.com

							*Counsel for Defendant Yanka Industries, Inc. d/b/a MasterClass*